IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 14-995-GMS |
| | ) |
| ROBERT M. BURNS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, James Arthur Biggins ("Biggins"), is an inmate incarcerated at the James T. Vaughn Correctional Center, Smyrna, Delaware. On September 17, 2014, the court denied Biggins leave to proceed without prepayment of fees on the basis that he had three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. (D.I. 6); *see* 28 U.S.C. § 1915(g). He moves for reconsideration on the grounds that he is under constant verbal and physical threat of being maced by correctional officers, staff, and administration officials. (D.I. 7.)

The standard for obtaining relief under Rule 59(e) is difficult for Biggins to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194,

1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Upon review of the complaint, the court once again finds that its allegations do not fall within the "imminent danger" exception found in 28 U.S.C. § 1915(g). *See Ball v. Famiglio*, 726 F.3d 448, 467-470 (3d Cir. 2013) Biggins has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the court's September 17, 2014 order denying him leave to proceed *in forma pauperis*. Therefore, the court will deny the motion for reconsideration and will order Biggins to pay the filing fee or face dismissal. (D.I. 7.)

UNITED STATES DISTRICT JUDGE

Oct. 24, 2014
Wilmington, Delaware

2